UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

DAVID TAYLOR, et al                              CIVIL ACTION 09-1552

VERSUS                                           U.S. DISTRICT JUDGE DEE DRELL

VANLINER INSURANCE COMPANY, et al
                                                 U.S. MAGISTRATE JUDGE JAMES D. KIRK

**Report and Recommendation on Motion to Remand**

Before the court is plaintiffs' motion to remand, **Doc. #8**, referred to me by the district judge for report and recommendation.  This is a suit in which plaintiffs claim injuries due to an automobile accident. Suit was filed in Pineville City Court on June 6, 2009 by three plaintiffs. Defendants were served on July 15, 2009 and removed the case to this court on September 4, 2009 based on diversity jurisdiction. Defendants stated, in their Notice of Removal, that plaintiffs claim in their petition that their claims are not sufficient for a jury trial under state law ($50,000). Defendants also point out that on August 17, 2009 they received medical bills totaling $7,045.06 and a medical report indicating that plaintiff, David Taylor, would need arthroscopic surgery to repair a rotator cuff tear (shoulder injury), the bills for which would include $7,415 for the doctor and hospital and other charges.  Defendants also show that, on September 1, 2009, they received a medical report showing that the same plaintiff would require a lumbar fusion.

Plaintiffs move to remand asserting that defendants have failed in their burden to prove jurisdiction and point out that the suit was filed in a city court, the jurisdiction of which is only

1

$50,000. Further, plaintiffs argue that the value of the rotator cuff surgery is less than $75,000, but do not address the recommended lumbar fusion. Finally, plaintiffs suggest that the removal was untimely, being more than 30 days after service of process.

Defendants argue that the fact suit is filed in a court of limited jurisdiction is immaterial, that the two surgeries mean the quantum exceeds $75,000 and that the medical reports were received less than 30 days before removal. Defendants suggest that this court has pendent jurisdiction over the other two plaintiffs' claims .

## Analysis

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages.  Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995).  Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938).  Where a specific amount of damages is not set forth, the legal certainty test is not applicable.  Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893.  In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De

Aguilar I, supra.  The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." Allen, 63 F.3d at 1335. See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute for example, that prohibits recovery of more than the amount sought.  De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with her petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra.  While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal.  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra.  See also,  (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal.  Allen, 63 F.3d at 1335.

Plaintiffs' petition does not allege entitlement to a specific amount of damages. The petition asserts that plaintiffs suffered numerous injuries but does claim that the damages are not

3

sufficient for a jury trial.

Under the circumstances of this case where plaintiffs have filed suit in city court, I do not find that these allegations clearly state entitlement to damages in excess of the jurisdictional limits of this court. See Luckett supra, and Gebbia, supra. Compare Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

However, as defendants correctly point out, the fact that suit is filed in a court of limited jurisdiction is not determinative of the amount in dispute and there is the possibility of manipulation by a plaintiff. See Davenport v. Bellsouth Corp., 2007 WL 2572317 (W.D. La. 2007). Plaintiffs' attempt to distinguish the case (in which plaintiffs' attorney here was the plaintiff) are unavailing under the clear reasoning of Magistrate Judge Hornsby, which interpreted the Fifth Circuit's ruling in Lee v. Advanced Fresh Concepts Corp., 76 Fed. Appx. 523 (5th Cir. 2003)., with which reasoning I agree.

Therefore, defendants must show by a preponderance of other evidence that the amount in dispute is more than $75,000. Defendants argue that the medical report regarding the rotator cuff surgery, received on August 17, 2009 and the medical report regarding the need for a lumbar fusion, received on September 1, 2009 show that the damages exceed $75,000.

Clearly the value of a case involving neck pain requiring injections, imminent rotator cuff surgery and a recommended lumbar fusion exceeds $75,000.[1]

Finally, plaintiff argues that the removal was untimely. However, the case was removed

---

[1] It is curious that plaintiffs' attorney does not address in brief the orthopedist's recommendation for a spinal fusion. Perhaps the attorney believes it to be unrelated to this accident. However, Mr. Taylor reported to Dr. McDonnell that the accident worsened his pre-existing low back pain. The same report shows that, based on comparison studies, the low back condition had "worsened over the last eight years".

within 30 days after receipt by defendants of the two medical reports which, for the first time, made it clear that federal jurisdiction was supported. The medical reports constituted "other papers". See 28 USC §1446(b).

This court has pendent jurisdiction over the claims of Kelly Taylor and Teddy Carlton. 28 USC §1367(a).

For these reasons, IT IS RECOMMENDED that plaintiff's Motion to Remand and for attorney fees, be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, November 12, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE